# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. DUFFY<br>    Plaintiff, | JUDGE |
| v. | Civil Action No. |
| UNITED CEREBRAL PALSY OF<br>SOUTH CENTRAL PENNSYLVANIA,<br>INC.<br>and<br>DONALD C. McVAY | JURY TRIAL DEMANDED |

## NOTICE OF LAWSUIT AND REQUEST
## FOR WAIVER OF SERVICE OF SUMMONS

TO:   DEFENDANTS

     A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number for this case is

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I

enclose a stamped and addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

  If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

  If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

  I affirm that this request is being sent to you on behalf of the Plaintiff this 21st day of April, 2017.


By: _____
  Joseph C. Korsak, Esquire
  221 W. PHILA. ST.   Suite 17C
  York, PA 17401
  (717) 880-3759
  I.D. No. 22233

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. DUFFY | JUDGE |
|     Plaintiff, | |
| v. | Civil Action No. |
| UNITED CEREBRAL PALSY OF SOUTH CENTRAL PENNSYLVANIA, INC.<br>and<br>DONALD C. McVAY | JURY TRIAL DEMANDED |
|     Defendants. | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Joseph C. Korsak, Esquire
         Attorney for Plaintiff
         221 W. Phila. St.   Suite 17C
         York, PA 17401

     I acknowledge receipt of your request that I waive service of a summons in the action of Duffy v. UCP of South Central Pennsylvania and McVay which is case number _____ in the United States District Court for the Middle District. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with

judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within sixty (60) days after <u>April 21, 2017</u> or within ninety (90) days after that date if the request was sent outside the United States.

Date:_____         By:    _____
                                      Donald McVay


Date:_____                _____
                                      for UCP of South Central PA


Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver

of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA L. DUFFY                           JUDGE
    Plaintiff,

v.                                       Civil Action No.

UNITED CEREBRAL PALSY OF
SOUTH CENTRAL PENNSYLVANIA,
INC.
and
DONALD C. McVAY                          JURY TRIAL DEMANDED
    Defendants.


NOTICE OF LAWSUIT AND REQUEST
FOR WAIVER OF SERVICE OF SUMMONS

TO: DEFENDANTS

    A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number for this case is

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I

enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff this 21st day of April, 2017.

By: /s/ _____
Joseph C. Korsak, Esquire
221 W. PHILA. ST.   Suite 17C
York, PA 17401
(717) 880-3759
I.D. No. 22233

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. DUFFY<br>     Plaintiff, | JUDGE |
| v. | Civil Action No. |
| UNITED CEREBRAL PALSY OF<br>SOUTH CENTRAL PENNSYLVANIA,<br>INC.<br>and<br>DONALD C. McVAY<br>     Defendants. | JURY TRIAL DEMANDED |

# COMPLAINT

**I.     PARTIES.**

1.     The Plaintiff is Linda L. Duffy, an adult individual who resides at 1675 Westgate Dr., York, PA 17408. She files this action under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Act to collect wages not paid.

2.     The Defendant United Cerebral Palsy of South Central, Pa., 16801, hereinafter UCP, is a Pennsylvania corporation with registered

offices at 778 Cherry Tree Court, Hanover, Pa. 17331 This Defendant is an employer as defined in FLSA.

 3. The Defendant Donald C. McVay is believed to be the President and Chief Executive Officer of the corporation. He is believed to reside at 778 Cherry Court Lane, Hanover , Pa 17331 This Defendant is an employer as defined in FLSA.

## II.  JURISDICTION AND VENUE.

 4. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, to hear this Complaint and to adjudicate the claims stated herein because this action asserts rights arising under federal law. See FLSA, 29 U.S.C. § 201, et seq. The Court further has pendant jurisdiction to hear Plaintiff's claim arising under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. and the Pennsylvania Wage Payment and Collection Act.

 5. Venue is proper in the United States District Court, Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this District and because the events or omissions giving rise to the claims occurred in this District.

### III. FACTUAL AVERMENTS.

6. Plaintiff was initially employed by the Defendants as a scheduler at $14.50 per hour, commencing on February 2, 2015.

7. Effective June 29, 2015, Plaintiff acted as scheduler and attendant manager/program coordinator at $15.50 per hour.

8. Effective September 6, 2015, through June 29, 2016, Plaintiff worked as program coordinator at $15.99 per hour.

7. Plaintiff routinely worked in excess of 40 hours per workweek.

8. Plaintiff was on call in that she was expected to perform her duties 24 hours per day and did so.

9. Plaintiff's duties were of a non-exempt nature.

10. Plaintiff's round the clock responsibilities seriously interfered with her personal life such that she was home bound when not at the employer's place of business.

### IV. SPECIFIC COUNTS.

#### COUNT I AGAINST ALL DEFENDANTS

#### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

11. Plaintiff incorporates all previous clauses by reference herein.

12. At all times, Plaintiff was an employee as that term is defined in the Fair Labor Standard Act (FLSA). Plaintiff was also non-exempt.

13. At all times, the Defendants were employers as that term is defined under the FLSA.

14. The FLSA, at 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

15. Defendants, through their actions, policies, and/or practices as described above, violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

16. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

17. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

18. Plaintiff avers and believes that she is entitled to in excess of $100,000.00 in overtime pay.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    A.    Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, preliminarily believed to be $100,000.00;

    B.    An additional sum of $100,000.00 as liquidated damages;

    C.    All costs and attorneys' fees incurred from prosecuting this claim;

    D.    An award of prejudgment interest;

    E.    For such further relief as the Court deems just and equitable.

**COUNT II AGAINST ALL DEFENDANTS**

**VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT**

19.    Plaintiff incorporates all previous clauses by reference herein.

20.    At all times, Plaintiff was an employee as that term is defined in the Pennsylvania Minimum Wage Act (PMWA). Plaintiff was also non-exempt.

21. At all times, the Defendants were employers as that term is defined under the PMWA.

22. The PMWA, at 43 P.S. § 333.104, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

23. Defendants, through their actions, policies, and/or practices as described above, violate the PMWA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24. The foregoing conduct, as alleged, constitutes a willful violation of the PMWA under 43 P.S. § 333.104©.

25. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to interest, attorneys' fees and costs incurred in connection with this claim.

26. Plaintiff avers and believes that he is entitled to a preliminary minimum of $100,000.00.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, preliminarily, a minimum of $100,000.00;

B. All costs and attorneys' fees incurred from prosecuting this claim;

C. An award of prejudgment interest;

D.. For such further relief as the Court deems just and equitable.

**COUNT III AGAINST ALL DEFENDANTS**

**VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION ACT**

27. Plaintiff incorporates all previous clauses by reference herein.

28. As is set forth above, Plaintiff is entitled to wages, as that

term is defined under the Pennsylvania Wage Payment and Collection (PWPCA), 43 P.S. § 260.2a .

29. At all times, the Defendants were employers as that term is defined under the PWPCA.

30. Wages are now overdue under the PWPCA , in that they were not paid within 30 days of the then next regular payday. 43 P.S. § 260.10.

31. The foregoing conduct, as alleged, constitutes a willful and intentional violation.

32. Plaintiff avers and believes that she is entitled to a minimum of $100,000.00.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to the statutory penalty of 25%, interest, pre-judgment interest, attorneys' fees and costs incurred in connection with this claim.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendants for an amount equal to Plaintiff's

unpaid back wages at the applicable overtime rate, preliminarily, a minimum of $100,000.00;

    B.    The statutory penalty of 25% or $25,000.00;

    C.    All costs and attorneys' fees incurred from prosecuting this claim;

    D.    An award of prejudgment interest;

    E.    For such further relief as the Court deems just and equitable.

Respectfully submitted,

Date: 4/21/2017

By: /s/ _____
Joseph C. Korsak, Esquire
221 W Phila St, Suite 17C
York, Pa. 17401
I.D. No. 22233